# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WALTER TUPPER, CHARMAINE TUPPER, | **COMPLAINT** |
| Plaintiffs; | |
| vs. | Case No. |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

PLAINTIFFS by and through their attorney, Eric W. Hinckley, for their causes of action against the above-named Defendant, state and allege as follows:

## PARTIES

1.
Plaintiffs Walter and Charmaine Tupper, at all pertinent times were residents and citizens of the County of Albany and the State of Wyoming.

2.
Defendant United States of America is the only proper party to a claim under the Federal Tort Claims Act, 28 USCS §1346(b) and 2674.

## JURISDICTION

3.
This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346, which provides that United States District Courts have exclusive jurisdiction for suits brought under the Federal Tort Claims Act.

4.
Venue is proper before the United States District Court for the District of Wyoming as the cause of action arose in Laramie County, Wyoming.

## FACTUAL ALLEGATIONS

5.

At the time of the accident, the United States of America owned a motor vehicle described as a Green Humvee. At the time of the accident said vehicle was being operated by Imano Anderson, who was acting within the scope of his employment with the United States Air Force.

6.

On or about December 28, 2020, Walter Tupper was driving his vehicle northbound on Interstate 25 in Laramie County, Wyoming. Charmaine Tupper was a passenger in the Tupper vehicle.

7.

Mr. Anderson was driving the United States Air Force Humvee northbound on Interstate 25 in front of the Tupper vehicle. As Mr. Anderson approached mile marker 10 on Interstate 25, Mr. Anderson lost control of the Humvee casing it to enter the lane of travel of the Tupper vehicle and causing a high-speed collision between the two vehicles.

8.

The impact of the two vehicles resulted in significant injuries to Walter Tupper and Charmaine Tupper which required extensive medical treatment.

## CAUSE OF ACTION:
## NEGLIGENCE OF UNITED STATES OF AMERICA

9.

At said time and place, United States of America, through its employee Anderson, acted negligently, unlawfully, and wrongfully, including but not limited to the following particulars:

A. Mr. Anderson failed to maintain his lane of travel;

B. Mr. Anderson failed to exercise proper care in the operation of a motor vehicle; and

C. Mr. Anderson failed to have the vehicle under proper control, considering the conditions then and there existing.

10.

Any or all of the aforementioned acts and omissions on the part of Defendant, its agents, representatives and employees, proximately caused the injuries and damages of the Plaintiffs Walter and Charmaine Tupper for which said defendant is liable and for which defendant United States of America is otherwise vicariously liable to Plaintiffs Walter and Charmaine Tupper by virtue of the Doctrine of Respondeat Superior, for all injuries and damages proximately and directly caused thereof as set forth hereafter.

## **DAMAGES TO PLAINTIFF** **WALTER TUPPER**

11.

As a direct and proximate result of said negligence acts or omissions of defendant, Plaintiff Walter Tupper has suffered permanent, severe and/or disabling injuries.

12.

As a direct and proximate result of said negligent acts or omissions of defendant and/or its agents, representatives and/or employees, Plaintiff Walter Tupper has suffered and is entitled to collect damages from defendant for economic damages, which may include but are not limited to past and future wage loss, loss of earnings and earning capacity, loss of income and support, loss of employment or business or employment opportunities, past and future medical expenses and other out-of-pocket expenses and monetary losses, as well as for non-economic damages as described by, and recoverable under law, which may include but are not limited to pain, suffering, inconvenience, mental anguish, emotional distress, permanent injury and impairment, and other non-pecuniary damages.

## **DAMAGES TO PLAINTIFF** **CHARMAINE TUPPER**

13.

As a direct and proximate result of said negligence acts or omissions of defendant, Plaintiff Charmaine Tupper has suffered permanent, severe and/or disabling injuries.

14.

As a direct and proximate result of said negligent acts or omissions of defendant and/or its agents, representatives and/or employees, Plaintiff Charmaine Tupper has suffered and is entitled to collect damages from defendant for economic damages, which may include but are not limited to past and future wage loss, loss of earnings and earning capacity, loss of income and support, loss of employment or business or employment opportunities, past and future medical expenses and other out-of-pocket expenses and monetary losses, as well as for non-economic damages as described by, and recoverable under law, which may include but are not limited to pain, suffering, inconvenience, mental anguish, emotional distress, permanent injury and impairment, and other non-pecuniary damages.

**PRAYER FOR RELIEF**

15.

WHEREFORE, Plaintiffs pray for judgment against Defendant in a reasonable sum in excess of Seventy-five Thousand Dollars ($75,000.00), together with costs and disbursements herein, including prejudgment interest as may be allowable by applicable law, and other costs as may be allowable by applicable law.

DATED this 1st day of August, 2022.

**LOWE LAW GROUP**

_/s/ Eric Hinckley_____
Eric Hinckley
6028 S. Ridgeline Drive, Suite 200
Ogden, UT 84405
Phone: 801.917.8500
eric_h@lowelawgroup.com
Attorneys for Plaintiffs